```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT
                                       :
CLIFTON POWELL,                        :
                                       :
     Plaintiff,                        :
                                       :
V.                                     :   CASE NO. 3:04-CV-1973 (RNC)
                                       :
WATERBURY POLICE DEPARTMENT,           :
OFFICER D'AMATO,                       :
                                       :
     Defendants.                       :
```

RULING AND ORDER

This is an action brought under 42 U.S.C. § 1983 alleging that the Waterbury Police Department and one of its officers unlawfully deprived plaintiff of his car.  Plaintiff is proceeding pro se.  The parties have filed cross-motions for summary judgment, along with a number of related motions.  For reasons that follow, the motions for summary judgment are denied without prejudice and the other pending motions are also denied.

I.   Facts

Viewing the record in a manner most favorable to the pro se plaintiff, a jury could reasonably find the following facts.  On September 27, 2004, Joseph D'Amato, a Waterbury Police Officer, saw a 1988 Cadillac El Dorado parked on a sidewalk on Pilgrim Avenue in Waterbury.  (See D'Amato Aff. ¶ 5; Defs.' Ex. B.)  The car had no license plates, was unregistered, and seemed to be in poor condition.  (D'Amato Aff. ¶ 6.)  Officer D'Amato determined

1

that the El Dorado had been registered in the past to Harold Quick.[1]  (D'Amato Aff. ¶ 3.)  D'Amato had the car towed by Johnny's Auto.  (Defs.' Ex. B.)

Unbeknownst to Officer D'Amato, plaintiff had purchased the car from Quick on December 31, 2003.  (See Pl.'s Ex. D.) Plaintiff did not register the car or the transfer of ownership, and the state had no record of any car registered in his name. (Mancinelli Aff. ¶ 5.)  Plaintiff also did not have a valid driver's license.  (Mancinelli Aff. ¶ 5.)  When plaintiff discovered that his car was missing, he called the Waterbury Police Department and was informed that the car had been towed by Johnny's Auto.  (Compl.[2])

On October 1, 2004, Officer D'Amato executed a certificate of abandoned vehicle transferring ownership of the car to a junkyard.  (Pl.'s Ex. F.)  That same day, plaintiff, after having received his supplemental social security income check, went to Johnny's Auto to recover his vehicle.  (Compl.)  He was informed that the vehicle had been sent to a junkyard for destruction. (Compl.)  He then brought this lawsuit, claiming that his inability to use his car impeded his prosecution of a habeas

---

[1]  Quick's last tax bill on the vehicle was a supplemental bill covering October 1, 2001 to September 30, 2002.  (Nardini Aff. ¶ 5.)

[2]  I treat the allegations of the complaint as evidence because the complaint was made under penalty of perjury.  See 28 U.S.C. § 1746.

corpus petition pending in this court.

II.  Discussion

Summary judgment may be granted only when "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party has the burden of showing that no genuine issue of material fact exists, and all reasonable inferences must be drawn in favor of the nonmoving party. Giannullo v. City of N.Y., 322 F.3d 139, 140 (2d Cir. 2003). Once the moving party has demonstrated the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings to identify specific material facts that are in dispute.  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

To prevail on his claim under 42 U.S.C. § 1983, plaintiff must show that he was deprived of a federal right by a person acting under color of state law.  The essence of defendants' three-page memorandum supporting their motion for summary judgment is that plaintiff has not alleged the deprivation of a federally protected right.  However, the complaint plainly alleges that a municipal police officer, acting under color of state law, seized and destroyed plaintiff's car.  A municipal government's seizure of vehicles has been held to implicate due process protections.  See, e.g., Propert v. Dist. of Columbia,

3

948 F.2d 1327, 1331 (D.C. Cir. 1991) (applying the Fifth Amendment); Snype v. N.Y. City, No. 04 Civ. 8268 (DLC), 2006 WL 345861, at *3 (S.D.N.Y. Feb. 15, 2006); Tedeschi v. Blackwood, 410 F. Supp. 34, 43-44 (D. Conn. 1976).[3]

To establish a violation of procedural due process, a plaintiff must show that he was deprived of a property or liberty interest without due process of law.  McMenemy v. City of Rochester, 241 F.3d 279, 285-86 (2d Cir. 2001).  In determining how much process is due in any given situation, courts consider three factors: the private interest affected by the action; the risks of erroneous deprivation and the probable value of additional safeguards; and the government's interest, which requires attention to any fiscal and administrative burdens additional process would entail.  Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

The defendants do not discuss procedural due process in their pleadings, but I understand their argument to be that the plaintiff did not have any interest in the El Dorado because it was unregistered and he did not have a driver's license. Defendants do not cite, and research has not disclosed, any case

---

[3] A municipal government's seizure of a car might also give rise to claims under the Fourth Amendment's prohibition of unreasonable seizures, see Miranda v. City of Cornelius, 429 F.3d 858, 862-66 (9th Cir. 2005), and the Fifth Amendment's Takings Clause, see Price v. City of Junction, 711 F.2d 582, 591 (5th Cir. 1983).

law that would permit me to grant summary judgment on this basis. Moreover, case law in this District supports the view that a person can have a constitutionally protected property interest in an unregistered car.  See Tedeschi, 410 F. Supp. at 43-45; see also Price v. City of Junction, 711 F.2d 582, 589 (5th Cir. 1983) ("Whether a junk car has little or great value, it is constitutionally protected property.").

The evidence before the court, viewed most favorably to the plaintiff, raises a genuine issue as to his ownership of the car. Plaintiff relies on copies of a certificate of title issued to Quick by the state of Ohio and a form allegedly signed by Quick assigning the car to plaintiff on December 31, 2003.[4]  Defendants contend that this evidence is unreliable because the copies are not certified as true, but the Federal Rules of Evidence permit use of photocopies unless "a genuine issue is raised as to the authenticity of the original."  Fed. R. Evid. 1003.  Defendants suggest that plaintiff might have forged Quick's signature on the assignment form (because it does not exactly match the signature on the back of the Ohio certificate of title).  This possibility, although clearly relevant, does not compel the conclusion that

---

[4]    Plaintiff apparently attempted to file the originals, but the Clerk's Office returned the originals to him and substituted photocopies.  Because the photocopies suffice, I deny plaintiff's two motions to admit the originals.

plaintiff did not own the car.[5]

Because on this record plaintiff's ownership of the car is genuinely disputed, summary judgment cannot be granted to either party.  If the plaintiff can prove that he owned the El Dorado, it will be necessary to determine whether he had a constitutional right to notice and an opportunity to be heard before the City took title to his vehicle and permitted it to be destroyed.  This issue has not been briefed by the parties and thus is not ripe for a ruling.[6]

III. Conclusion

For the foregoing reasons, the cross-motions for summary judgment [Docs. #24, 39] are denied without prejudice,

---

[5] Defendants also complain that plaintiff did not support his allegations by affidavit but, as explained in footnote 2, the complaint qualifies as sworn evidence.

[6] The police's authority to tow abandoned and unregistered vehicles is governed by Conn. Gen. Stat. § 14-150.  Section 14-150(b) gives the police the right to take custody of any vehicle that "is a menace to traffic or public health or safety."  To take custody of an unregistered or abandoned vehicle, the police must affix a notification sticker to the vehicle to notify its owner that it will be taken into custody if not removed within twenty-four hours.  See Conn. Gen. Stat. § 14-150(c).  If a motor vehicle is unregistered and the police officer makes a good faith determination that the vehicle is apparently abandoned, its market value is five hundred dollars or less, and it is unusable as a motor vehicle, title to the vehicle vests in the municipality immediately upon taking custody.  See Conn. Gen. Stat. § 14-150(d).  Officer D'Amato made this good faith determination in this case, thereby vesting title to the car in the City of Waterbury.  (See Pl.'s Ex. F.)  I understand plaintiff's complaint to object to the destruction of the car, not its towing.

6

plaintiff's motion to strike defendant's motion for summary judgment [Doc. #34] is denied,[7] and plaintiff's motions to admit evidence [Docs. #41, 47] are denied.

So ordered.

Dated at Hartford, Connecticut this 28th day of March 2006.


                              _____/s/_____
                                   Robert N. Chatigny
                              United States District Judge

---

    [7]  Defendant's inadvertent reference to its Local Rule 56(a)1 Statement as a Local Rule 9(c)2 statement did not prejudice plaintiff's ability to oppose the motion for summary judgment.